# FULTON M. SKAGGS v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

February 6, 1914.

Nos. 18,528—(303).

**Evidence of negligence — Federal act.**

    1. Evidence in an action by a freight brakeman to recover damages sustained, while jointly engaged with a fellow brakeman in switching movements, by being caught between the engine tender and cars left on another track, considered and *held* to warrant findings that, under the circumstances disclosed, plaintiff had the right to rely on the other brakeman's statement that the cars were clear for the engine to pass, and that the making thereof constituted negligence attributable to defendant under the Federal Employer's Liability Act.

**Charge to jury.**

    2. Charge *held* not subject to the criticism that it authorized a recovery for acts of negligence not alleged or alleged but not proved.

**Same — comparative negligence.**

    3. Charge upon so-called comparative negligence under the Federal act held technically erroneous, but not prejudicial.

Action in the district court for Ramsey county to recover $60,000 for injury received while in the employ of defendant. The answer alleged that the injury was caused wholly by the negligence of plaintiff, and set up a former action pending between the same parties

[1] Reported in 145 N. W. 381.

upon the same cause of action. The case was tried before Stanton, J., and a jury which returned a verdict of $15,000 in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Butler & Mitchell* and *C. M. Bracelen,* for appellant.

*Barton & Kay,* for respondent.

PHILIP E. BROWN, J.

Appeal by defendant from an order denying a new trial after verdict for plaintiff in an action to recover damages for personal injuries.

Plaintiff, a freight brakeman in defendant's employ, was injured at about 2 o'clock, a. m., on a cold, dark night in January, 1913, while engaged in switching cars at a station. His train stopped on the main line, with the caboose near the station. Two cars, some distance from the engine, were to be set out on a track known as No. 4, and plaintiff, head brakeman, Buchta, rear brakeman, and the conductor, so understood. Plaintiff uncoupled the train behind these two cars, and, with Buchta, rode the undetached cars northward on the main track. The latter dropped off and lined up the switches for track 4, which lay westerly, while plaintiff remained on the cars until they passed beyond the most northerly switch on the main line. This he turned when the rear car had cleared it, and signalled to back, riding the train back to a point near the switch to track 4, where the two cars were left. The engine, with remaining cars, then moved forward, plaintiff accompanying them through the main line switch. He then signalled, and they were backed down again on the main track, the purpose being to return to the yards with engine alone to finish setting the two cars left near track 4, and to pick up other cars which were to be added to the train. In proceeding to carry out these movements, the engine was uncoupled and ran north past the same switch, which plaintiff threw. He then gave a backup signal and boarded the rear corner of the backing tender. While in this position he was caught between it and the corner of the foremost car on the main track and injured, these cars not having been

shoved down far enough to clear the engine so it could pass on the switch track.

Plaintiff claims while the engine and cars were backing down the main line, after leaving the two cars in the yard and before the engine was uncoupled, he received a stop signal from the conductor, which he repeated, and thereupon the train stopped on the main line. He then proceeded to the station, and was advised by the conductor for the first time that the other cars were to be picked up, and was directed with reference to further movements. Acting accordingly, he returned to the engine, where he found Buchta at the rear of the tender, on the opposite side of the cars, nearest the switch track, who then uncoupled the air hose between the tender and cars, while plaintiff was attempting to disengage the coupling pin. The former, however, pulled the pin from his side, and plaintiff, not knowing whether the cars had cleared the switch, and having pre-viously advised Buchta of the intended movement, inquired of him whether they were in the clear for the engine to back upon the switch track, boarding the engine at the same time. But, not receiving a satisfactory answer, he stopped and alighted from the engine, and again made the same inquiry, to which Buchta replied: "They are clear a mile, go ahead, and if we don't get out of here the 16-hour law will catch us." Whereupon plaintiff proceeded and was injured as stated. This, plaintiff's, version of how the accident occurred was disputed in all material respects; but the questions raised were clearly for the jury.

1. The train was engaged in interstate commerce and concededly the Federal Employer's Liability Act [1] applies. Defendant, however, urges nonliability for the alleged negligence of Buchta in making erroneous statements with reference to facts equally obvious to plaintiff, claiming such to be merely an opinion; and, further, that as they were jointly engaged in uncoupling the engine from the cars and seeing to it that they cleared, Buchta's negligence, if any, was plaintiff's and not defendant's. These contentions cannot be sustained. Buchta's statement, under the circumstances, was sufficient

1 [34 St. 232, U. S. Comp. St. Supp. 1911, p. 1316.]

to warrant the jury in finding that it constituted negligence. It was a very dark night, and evidently there was necessity for haste. If plaintiff's story is true, Buchta was in a position to know about clearance, while plaintiff was not; and we are unable to say plaintiff had not the right to rely upon his statement in regard thereto. Their being jointly engaged in working out the switching operations is of no more significance upon the question of defendant's responsibility for Buchta's negligence than is any other instance of a fellow servant's negligence, for which, under the Federal act, the master is liable. We hold Buchta's negligence attributable to defendant.

2. Grounds of negligence were alleged in the complaint other than last referred to, and error is assigned because the court's instructions were broad enough to indicate to the jury that they might find defendant liable thereon and otherwise, notwithstanding lack of evidence to establish them and without regard to pleadings. We do not find the charge subject to this criticism. Read as a whole it directs the jury's attention to the sole questions of fact for determination. Moreover, if counsel feared misapprehension in this regard, attention should have been promptly called thereto, which was not done.

3. The court read to the jury from the Federal Employer's Liability Act, as follows [folio 927]:

"That in all actions hereafter brought against any common carrier by railroad under this act to recover damages for personal injuries to an employee, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

The court then charged, after adverting to the common-law rule:

"But this law changes that rule and provides, as you will have noted from my reading of the section, that when, in an action such as this, the plaintiff is himself guilty of negligence which was a proximate cause of the injury, that he will, notwithstanding that, be entitled to recover a proportionate amount of the total injury sustained. His negligence (if he was negligent) would be taken into consideration, and that a comparative amount, depending upon the ratio of his

negligence to the negligence of the defendant, would be considered by you."

And also, in summing up, the following was given:

"If, however, you reach the conclusion from all the testimony that the employee Buchta was negligent, then the plaintiff is entitled to recover such sum as will fairly and justly compensate him for the injuries sustained by him, unless he was himself negligent, unless the plaintiff was guilty of contributory negligence, in which event you would take into consideration his negligence in comparison with the negligence of the defendant and reach your conclusion as to the amount under the instructions which I have given you."

Defendant complains of the court's construction of the Federal act, as indicated by the foregoing excerpts, citing and relying on Norfolk & W. Ry. Co. v. Earnest, 229 U. S. 114, 33 Sup. Ct. 654, 57 L. ed. 1096, decided since the trial of the present case. Therein the Supreme Court of the United States considered, for the first time, the correctness of an instruction upon the provision of the Federal act in question, and criticised a charge similar to the one here involved; it not appearing, however, whether reversal on account thereof would have followed had proper exception been taken. Said the court, at page 121, after approving prior portions of the charge:

"But for the use in the second instance of the additional words 'as compared with the negligence of the defendant' there would be no room for criticism. Those words were not happily chosen, for to have reflected what the statute contemplates they should have read, 'as compared with the combined negligence of himself and the defendant.' We say this because the statutory direction that the diminution shall be 'in proportion to the amount of negligence attributable to such employee' means, and can only mean, that, where the causal negligence is partly attributable to him and partly to the carrier he shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both.  *  *  *  Not improbably the mistake in the instruction was purely verbal and would have been promptly corrected had at-

tention been specially called to it, and possibly it was not prejudicial to the defendant."

In view of this authoritative pronouncement, it is apparent that the instruction complained of was technically erroneous; but we are satisfied that upon the whole instruction no prejudice to defendant resulted.

Order affirmed.